**DLD-183**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1571
_____

GERARD LOUIS,
                                        Appellant,

v.

WARDEN B.A. BLEDSOE; ASSOCIATE WARDEN
D. YOUNG; UNIT MANAGER D. HOLLENBACH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 11-cv-00328)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 22, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant Gerard Louis, a federal prisoner incarcerated at the United States

Penitentiary in Lewisburg, Pennsylvania, filed a civil rights action in the United States

District Court for the Middle District of Pennsylvania, in which he claimed that his cell

conditions constituted a substantial risk to him of serious bodily harm. He stated that he was a transsexual inmate who displayed an "effeminate" appearance, and, insofar as he had been raped twice before while in the custody of the Bureau of Prisons (although at different prisons), the BOP was aware of the need to protect him. Nevertheless, he was currently housed with an aggressive homosexual inmate, who was sexually harassing him and engaging in sexually abusive behavior. No money damages were sought; Louis requested to cell alone for the remainder of his sentence. Louis also filed a motion for a temporary restraining order and/or a preliminary injunction, seeking a single cell assignment.

Within a week of the filing of the complaint and motion, the District Court held a hearing on Louis's motion. Louis admitted, via teleconference, that, almost immediately after complaining, he was separated from his cellmate and transferred to the Special Management Unit ("SMU"). See N.T., 2/25/11, at 27. Nonetheless, although he was no longer paired with the person he feared, Louis testified that he still feared being raped in the SMU because dangerous inmates are housed there, see id. at 30-31. He also was dissatisfied with the restrictions and considered the placement a punishment. On cross-examination, Louis testified that his cellmate had fondled his buttocks. See id. at 33.

Frank Perrin, a Special Investigative Agent at USP-Lewisburg, testified that he investigated Louis's allegations, and, immediately upon receiving his complaint, BOP staff instituted the sexual abuse protocol, which included, among other things, separating Louis and his cellmate. See id. at 37. Perrin testified that, upon his release from SMU,

2

Louis would no longer be housed with his cellmate. See id. at 43. With respect to Louis's assertion that his placement in lockdown was a punishment, Perrin testified that placement in the SMU for the time being, about two weeks, was the only way that Louis's safety could be guaranteed. See id. at 44-45, 47.

At the conclusion of the hearing, the District Court denied the motion for a temporary restraining order and/or preliminary injunction. The court reasoned that, because of the transfer to the SMU, Louis could not show irreparable harm. The court determined that Louis's claim that he was too isolated and restricted in the SMU was not part of his original complaint, and could be addressed during the course of the litigation, and, in any event, his current placement appeared reasonable under the circumstances. See id. at 49-51.

Louis appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). Interlocutory orders granting or denying injunctions are appealable where the order relates to the relief ultimately sought by the claimant. Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1277-78 (3d Cir. 1991).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. To obtain a

3

preliminary injunction, the moving party must demonstrate both (1) a likelihood of success on the merits, and (2) the probability of irreparable harm if relief is not granted. See Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197 (3d Cir. 1990). *Both* prerequisites must be satisfied before an injunction will be granted. See id. The District Court should also take into account (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest. See id. at 198 (citing Morton v. Beyer, 822 F.2d 364, 367 n.3 (3d Cir. 1987)). We review an order denying a preliminary injunction for an abuse of discretion, an error of law, or a clear error on the facts. See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987).

The District Court properly denied preliminary injunctive relief, because Louis failed to show immediate irreparable injury. See Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980) (risk of irreparable harm means clear showing of immediate irreparable injury or presently existing actual threat). Louis was moved away from his cellmate immediately after he complained. He is no longer in danger from that inmate and he presented no evidence, other than his own speculation, that he is currently in any kind of danger in the SMU. For this reason alone, denial of preliminary injunctive relief was proper. See Hoxworth, 903 F.2d at 197.

For the foregoing reasons, we will summarily affirm the order of the District Court, denying the motion for a temporary restraining order and/or preliminary injunction.